# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 15-3780

_____

## MARS AREA SCHOOL DISTRICT,

Appellant,

v.

## C.L., BY AND THROUGH HIS PARENT
## AND NATURAL GUARDIAN, K.B.,

Appellees,

_____

Appeal from Order of Judge McVerry in the
United States District for the Western District of Pennsylvania at
Case No. 2:14-cv-1728 (W.D. Pa. 2014)

_____

## MOTION PURSUANT TO Fed. R. App. Proc. 27 FOR DETERMINATION
## OF MOOTNESS OF APPEAL

_____

John P. Corcoran, Jr. Esq.
Pa. I.D. No. 74906
Jones, Gregg, Creehan & Gerace LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219
(412) 261-6400
jpc@jgcg.com

_Counsel for C.L., et al._

## <u>MOTION PURSUANT TO Fed. R. App. Proc. 27 FOR DETERMINATION OF MOOTNESS OF APPEAL</u>

AND NOW comes, C. L., by and through his parent and natural guardian, by and through his attorneys, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and files the within Motion for Determination of Mootness of Appeal and support thereof states as follows:

## <u>PREAMBLE</u>

The Honorable District Court in the action designated C.*L. et. al. v. Mars Area School District et.al.*, No. 16-1052 (W. D. Pa. 2016) raised *sua sponte* the issue during a recent status conference of whether the appeal to this Honorable Court to an earlier case, styled *Mars Area School District v. C.L.*, No. 2:14-cv-1728 (W.D. Pa. 2014), has an effect on the Special Education Due Process Hearing which was held over a period of eight hearing days before Special Education Hearing Officer, Jake McElligott.[1]  It must be noted that the Due Process Hearing was scheduled based upon a dismissal entered by the District Court, due to the failure of the Student to exhaust administrative remedies, <u>in the separate matter</u> of *C.L. v. Mars Area School District*, Case No. 2:14-cv-1666.  It is respectfully submitted that the within appeal to the United States Court of Appeals for the Third

---

[1]  A  copy of the District Court  order addressing that issue attached hereto as Exhibit A.

Circuit is now moot because Special Education Hearing Officer, Jake McElligott has ruled on all the special education issues and is not necessary to address the vacating of an earlier Hearing Officer's decision, wherein that Hearing Officer directed that the Student be returned to the School District.  However, due to the within appeal being raised as an issue of jurisdiction Case No. 2:16-cv-1452, the within Motion is being filed to protect the record and the Student is requesting that the appeal be deemed moot without prejudice to raise the issues, if the District Court in the current action 2:16-cv-1452 directs that the Special Education Hearing Officer Jake McElligott did not have jurisdiction over these proceedings.  This Motion will address the following issues:

(1)   The Special Education Due Process Hearing before Attorney Jake McElligott was based upon a dismissal by the District Court due to failure of Student to exhaust administrative remedies as set forth in detail in the decision in the case of *C. L. v. Mars Area School District*, Case No. 2:14-cv-1666, which was not appealed;

(2)   Due Process Hearing Officer McElligott after the dismissal for failure to exhaust administrative remedies addressed all the allegations of FAPE and IDEA violations  in an exhaustive (8) eight day hearing in contrast to the earlier expedited Due Process Hearing that was held in one afternoon on very limited issues; and

2

(3) Hearing Officer McElligott considered Hearing Officer Carroll's decision as vacated in accordance with Judge McVerry's opinion therefore this appeal to the Third Circuit is moot.

## PROCEDURAL HISTORY

1. The Appellee C.L. ("Student") was expelled from Mars Area School District in November 2014.

2. After the expulsion in accordance with regulations set forth in the Pennsylvania Code, an Expedited Due Process Hearing was requested and the matter was adjudicated by Hearing Officer Anne Carroll in November 2014. (A copy of the Expedited Due Process Hearing Decision is attached hereto as Exhibit "B").

**Expedited Due Process Hearing (Initial Due Process Hearing)**

3. The first Special Education Due Process Hearing was an Expedited Hearing held on November 10, 2014 before Hearing Officer Anne J. Carroll, Esquire. The one (1) day hearing was closed and had only three (3) witnesses testify.

4. The Hearing was scheduled because the Student was expelled from the School District after a manifestation determination hearing. (See Opinion of Hearing Officer Carroll at p. 5). ("Carroll Opinion" attached as

3

Exhibit "B").

5.    The expedited hearing was held within ten (10) days and limited to the following issues:

> 1.    Did the School District accurately and appropriately determine that behaviors in which Student engaged on October 27, 2014 were not a manifestation of Student's Disability?
>
> 2.    Was the District, therefore, justified in imposing the same discipline it would have imposed on a non-IDEA eligible student for a serious violation of the District's code of student conduct, *i.e.,* Student's expulsion from the District for the 2014/2015 school year?

Carroll Opinion at p.3. (Ex "B").

6.    Hearing Officer Carroll found in favor of Student and ordered the Student be reinstated to the Mars Area School District ("School District"). However, the Student had already matriculated to a private catholic school after the decision by Hearing Officer Carroll was rendered. Accordingly, the Student remained at the private school.

**Appeal By School District In Case No. 2:14-cv-1728 (Appeal Of Carroll Decision)**

7.    After Hearing Officer Carroll rendered her decision, the School District filed an appeal to the United States District Court for the Western District of Pennsylvania at Case No. 2:14-cv-1728 styled *Mars Area School*

4

*District v. C.L.*

8.    Judge McVerry *sua sponte* issued a Rule to Show Cause why this case should not be dismissed as moot because the Student had left the School District for a private catholic school.

9.    Judge McVerry in an Opinion dated October 16, 2015 vacated Hearing Officer Carroll's Decision because the "transfer [of C.L.] caused this appeal to become moot." (Opinion of Judge McVerry at p. 14). (Judge McVerry's Opinion of October 16, 2015 is attached as Exhibit "C"). In other words, the Student was now in private catholic school, therefore, he could not be reinstated into the School District.

10.    Judge McVerry believed an equitable resolution was to wipe the slate clean. As stated by Judge McVerry:

> The discussion "suggests the appropriate solution to the adverse consequences pointed to by the School District." *Pollock*, 2014 2860279, at *13. Since K.B.'s decision to transfer C.L. following the issuance of the Hearing Officer's decision, and not any voluntary act by the School District, mooted the School District's appeal, vacatur of the Hearing Officer's decision is warranted.[2] The slate will be wiped clean, and the parties will be left in the same position they were in before the Hearing Officer's decision was issued, thereby alleviating the School

_____

[2]Although neither party has requested that the Hearing Officer's decision be vacated, the Court has the authority to order it *sua sponte* when appropriate. *Columbian Rope Co. v. West*, 142 F.3d 1313, 1318 n. 5(D.C. Cir. 1998) quoting *Weaver v. United Mine Workers of Am.*, 492 F.2d 580, 587 (n. 36 (D.C. Cir. 1973)).

5

District's concerns (whether well founded or not)[3] about the possible preclusive effects of that decision. To be sure, K.B. will not be satisfied with this result, inasmuch as the Hearing Officer's decision was in her favor and she wants to preserve certain findings so that they bind the Hearing Officer in the now-pending proceedings. But snice her decision to transfer C.L. caused this appeal to become moot, thereby depriving the School District of its right to judicial review of that decision, the balance of equities does not weigh in her favor. Holding otherwise and leaving the Hearing Officer's decision standing would in effect "be sanctioning conduct which manipulates procedure so as to make lower court judgments both binding and unreviewable." *Penguin Books*, 929 F.2d at 74 (2d Cir. 1991).

---

[3]Whether the Hearing Officer's decision could actually bind the School District in the future proceedings arising for example, under the ADA or RA or § 1983, is at least questionable. *See, e.g., C.M. v. Bd. of Educ. Of Union Cnty. Reg'l High Sch. Dist.*, 128 F. App'x 876, 880 n.3 (3d Cir. 2005) (suggesting that a judicially unreviewed state administrative decision has no preclusive effect in subsequent federal proceedings); *D.E. v. Cent. Dauphin Sch. Dist.*, No. 06-2423, 2013 WL 7752393, at *5 n.18 (M.D. Pa. Jan. 3, 2013), *aff'd*, 765 F.2d 260 (3d Cir. 2014) (explaining, in the IDEA context, that "it makes no sense to give a judicially unreviewed administrative decision preclusive effect on the reviewing district court") (citing *Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 296 (M.D. Pa. 2008)); *N.T. ex rel. Trujillo v. Espanola Pub. Sch.*, No. 04-0415, 2005 WL 616843, at *7 (D.N.M. June 21, 2005) (concluding that it "would have made little sense for Congress to include provisions in the IDEA requiring exhaustion of administrative remedies and setting forth a specific standard of judicial review if the results of administrative proceedings conducted under this statute were considered final and afforded preclusive effect before any judicial review had occurred"); *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 455 F. Supp. 2d 1286, 1314 (D.N.M. 2006), *aff'd sub nom.*, 565 F.3d 1213 (10th Cir. 2009) (holding that the portions of the [hearing officer's] decision which found in Plaintiffs' favor have no preclusive effect on their ADA and Section 504 claims"). This issue is not before the Court, however, so it need not – and cannot – be definitively decided. It is enough to say that vacating the Hearing Officer's decision will avert even the *possibility*, however small, that the Hearing Officer's conclusions on certain issues will prevent the School District from re-litigating those issues in any future proceedings, including that which is currently pending at the administrative level.

Judge McVerry Opinion dated October 16, 2015 at p. 13-14.   (Footnotes included). (Ex. "C")

11.    Judge McVerry in a footnote vacating Hearing Officer Carroll's conclusions on certain issues stated that vacating the Hearing Officer's decision "will avert even the *possibility*, however small, that the Hearing Officer's conclusions on certain issues will prevent the School District from re-litigating those issues in any future proceedings, including those which are currently pending at the administrative level."  (Judge McVerry Opinion dated October 16, 2015 at p. 13 n.7 [Ex. "C"]).

12.    The Student appealed the vacating of the Hearing Officer's decision because the Student did not want the School District to assert that the vacating of the Order meant that the decision was expressly overturned.

13.    This Honorable Court has specifically held that when an Order is vacated, the legal status is the same as if the Order never existed.  This Honorable Court in *U.S. v. Terry*, 487 F.2d 600 (3d Cir. 1973) directed:

> [T]he general rule [is] that when a court vacates an order previously entered, the legal status is the same as if the order never existed.  *Mitchell v. Joseph*, 117 F.2d 253 (7th Cir. 1941).  The order having become a nullity, no rights, constitutional or otherwise, can be considered as accruing from it.

*U.S. v. Terry*, 487 F.2d 600, 607 (3d Cir. 1973).

7

14.    Therefore, based upon the vacating of the decision of Hearing Officer Carroll, it no longer existed.

15.    Moreover, Hearing Officer McElligott determined that the decision of Hearing Officer Carroll was vacated by the Court and therefore rendered a complete decision addressing all the issues of FAPE, and deeming the decision vacated.  (See Paragraphs 20 to 22, *supra).*

**C.    The Within Third Circuit Appeal to Case No. 2:14-cv-1728**

16.    The Student filed a protective appeal to the United States Court of Appeals for the Third Circuit in Case No. 2:14-cv-1728 **only**.    (See Appeal filing attached as Exhibit "D").

17.    The School District did not file a cross-appeal pursuant to Federal Rule of Appellate Procedure 28.1.

18.    The purpose of the Student's appeal was to preserve a right to appeal Hearing Officer Carroll's decision if the School District took the position at a subsequent Due Process Hearing that the decision was not vacated but instead overturned.

19.    As set forth in Hearing Officer McElligott's discussions in the transcript, he found Hearing Officer Carroll's decision to be vacated as per Judge McVerry's decision. (See Paragraph 29, *supra).*

8

20.   Hearing Officer McElligott after consultation with counsel extensively and thoroughly addressed the vacating of the decision of Hearing Officer Carroll.  Hearing Officer McElligott found as follows:

> F.   On June 30, 2015, the Court issued a memorandum opinion as to the parent's complaint, finding that the parent was asserting claims that had not undergone administrative exhaustion because those particular claims had not been part of the evidentiary process in the hearing at ODR file number 15488-1415AS.  In so finding, the Court dismissed those claims without prejudice.  Additionally, because the student was complaining about the manifestation result and the student was no longer attending the District, the Court ruled that the parent's complaint about the manifestation determination result was mooted and so vacated the decision at ODR file number 15488-1415AS.  (HO-2).

* * *

> H.   The Hearing Officer in the instant case engaged in extensive prehearing planning with counsel, including the effect of the vacating of the decision at ODR file number 15488-1415AS.  (NT at 4-45).

McElligott decision at pp. 5-6.  (A copy of Hearing Officer McElligott's decision is attached as Exhibit "E").  (See discussion in Transcript at Exhibit "F," p. 4-8).

9

21.    Hearing Officer McElligott placed on record that he would not consider any finding of Hearing Officer Carroll.  (See Paragraphs 29, *supra*)

22.    Therefore, based upon Hearing Officer McElligott rendering a full and thorough decision on all issues of FAPE and the Manifestation Determination Hearing, the Third Circuit Appeal is now moot.

## Action of C.L. v. Mars Area School District at Case No. 2:14-cv-1666 (IDEA And Section 1983 Claims Filed By Student)

23.    After the affirmative result of the Due Process Hearing before Hearing Officer Carroll, the Student filed a comprehensive civil action against the School District at Case No. 2:14-cv-1666.

24.    The School District filed a Motion to Dismiss the Complaint for failure to exhaust administrative remedies.

25.    Judge McVerry found the decision of Hearing Officer Carroll to be very limited.  He stated:

> K.B. appealed the School Board's manifestation determination, and an expedited due process hearing was held before Pennsylvania Special Education Hearing Officer Anne Carroll, Esq., on November 10, 2014.[4]  *Id.* ¶¶ 143-44.  The two issues before the hearing officer were:
>
>    1.    Did the School District accurately

---

[4]The School District's evaluation to determine C.L.'s IDEA eligibility had not been completed by the date of the due process hearing, but the School District nevertheless agreed to consider C.L. a child 'thought to be eligible for special-education services.'" Hr'g Officer's Decision ¶ 1.  Therefore, C.L.'s IDEA eligibility was not at issue.

10

> and appropriately determine that behaviors in which Student engaged on October 27, 2014 were not a manifestation of Student's disability?
>
> 2. Was the District, therefore, justified in imposing the same discipline it would have imposed on a non-IDEA eligible student for a serious violation of the District's code of student conduct, *i.e.*, Student's expulsion from the District for the 2014/2015 school year?
>
> Hr'g Officer's Decision 3. The hearing officer issued her decision on November 24, 2012, and concluded that the School District's manifestation determination was "clearly erroneous" since there was a "direct and substantial relationship" between C.L.'s disabilities and his conduct on October 27, 2014. *Id.* at 19. In addition, the hearing officer found that the School District had "blatantly violated IDEA placement and discipline procedures." *Id.* at 18.

(Judge McVerry Opinion of June 30, 2015 at p. 8). (A copy of this Opinion is attached as Exhibit "G").

26. Judge McVerry found that all of the claims raised by Student needed to be remanded so an educational professional could address the issues. Judge McVerry directed:

> In this case, there were only two issues before the hearing officer: (1) did the School District accurately determine that C.L.'s behavior was not a

11

manifestation of his disabilities, and (2) was it appropriate for the School District to impose the same discipline on C.L. as it would have imposed on a non-IDEA-eligible student for a violation of the School District's code of conduct? Hr'g Officer's Decision 3. Thus, while Plaintiffs might be correct that they have "already exhausted administrative remedies with respect to [C.L.'s] placement," Pls.' Br. 11, they have not done so with respect to the litany of other allegations raised in the Amended Complaint. Indeed, contrary to Plaintiffs' argument, the "central element" of their 75 page Amended Complaint is not the violation of the IDEA found by the hearing officer. Rather, the gravamen of the allegations in the Amended Complaint relate to the alleged denial of FAPE or acts of alleged retaliation that occurred prior to Plaintiff's expulsion. None of these allegations were raised at the administration level. However, "the plain language of the IDEA required [Plaintiffs] to file a separate administrative complaint" raising these allegations "and exhaust all administrative remedies regarding that complaint before filing a judicial action." *M.T.V.*, 446 F.3d at 1159. **This would have given "educational professionals" the opportunity to take "the first crack at formulating a plan to overcome the consequences of educational shortfalls" and fashion appropriate relief. *Batchelor*, 759 F.3d at 276 (internal quotation marks omitted).**

\* \* \*

Accordingly, Plaintiffs are not correct that there is nothing to gain from further administrative proceedings. And in accordance with the policies underlying the IDEA, **a state hearing officer – and not this Court – should decide the first instance whether any of the relief afforded by the IDEA should be provided in this case.**

12

(Judge McVerry Opinion of June 30, 2015 at pp. 20 and 23. [Ex. "G," emphasis added).

27.   Based on this decision of Judge McVerry, the case was re-filed by the Student and sent to Hearing Officer McElligott for adjudication of FAPE and other IDEA matters.

### E.   Proceedings Before Special Education Hearing Officer McElligott

28.   As noted above in paragraphs, Student was facing a statute of limitations issue and was required to file for a Due Process Hearing to address the issues of denial of FAPE and other IDEA matters that occurred in November 2014.   A request for a due process hearing on IDEA claims must be filed within two-year statute of limitations of IDEA.   *Steven I v. Central Bucks School*; 618 F.3d 411 (3d Cir. 2010)

29.   Hearing Officer McElligott in the Due Process Hearing specifically addressed the decision of Hearing Officer Carroll and deemed the decision vacated as per Judge McVerry's decision at the preplanning stage of the Due Process Hearings.

Hearing Officer McElligott stated:

> A little over a year ago, there was, by allegation, a series of events involving this student at the Mars Area School District as a first grader.   The end result was that in approximately November of 2014,

13

the student was taken through a manifestation determination process under the Individuals with disabilities and Education Act, or more recently, Individuals with Disabilities and Education Improvement Act of 2004, but we often refer to IDEA just out of matter of habit.

That manifestation and determination process mandated by IDEA requires that IEP team decision by made regarding incidents in violation of the student code of conduct, and whether or not a student's status as a student with a disability, or thought to be eligible as a student with a disability, might intersect with a disciplinary incident.

The result of that process yielded a result, which, again, by allegation, brought the student to a board hearing for potential disciplinary action, including, potentially, expulsion. We will be revisiting that incident over the course of this record in terms of testimony and exhibits, but in terms of the chronology and the procedural background, the result was a manifestation determination finding that the family disagreed with.

A Special Education Due Process Complaint was filed, again, as required by IDEA in challenging such a result, and a Special Education Due Process Hearing was held in front of Hearing Officer Anne Carroll at ODR File No. 15488-15AS.

In broad strokes, Hearing Officer Carroll found there were flaws in the manifestation determination process, and as a result, issued an order based on her findings. That resulted in an appeal to Federal Court.

Again, without going into too much detail, but just by way of general background information, the Western District of the Federal Court here in

14

Pittsburgh ultimately, through Senior Judge McVerry, issued an opinion, which when the appeal was brought to that court, brought matters of allegation that the court found needed to be heard by this process, the administrative Special Education Due Process system, that had not been heard as a part of that manifestation determination hearing in front of Hearing Office Carroll.

And so the court dismissed the complaint in front of it without prejudice, which, for the non-lawyers in the room, is a fancy way of saying, you guys got more work to do before the Federal Court can get involved.

That led to the filing of this Complaint at 16696-15-16 AS, and a hearing process was engendered here in from of me for that process to unfold. The Complaint was filed, and we began – that is, counsel and I – to engage in what this process might look like.

In the interim, Judge McVerry issued a second opinion. That opinion vacated Anne Carroll's Hearing Officer decision at ODR File No. 15488. In vacating that decision by Hearing Officer Carroll, the court indicated that for various reasons, again, to be developed on this record, the student was no longer a student at the Mars Area School District, **and that the question in front of Judge McVerry at that point was mooted, meaning, it kind of went away.**

Again, for the non-lawyers in the room, it went away because Judge McVerry was being asked to answer questions, and with the student no longer being enrolled in the District and being privately enrolled at a private school, Judge McVerry, in effect, told the parties that this question does not need to be answered.

15

And his order at Docket No. 2014-CV-1728 in a memorandum opinion, Judge McVerry vacated Hearing Officer Carroll's decision. **That is a very precise term, and what it means is -- again, for the non-lawyers -- in effect, Hearing Officer Carroll's opinion goes away, and for our purposes, doesn't even exist.** It's kind of a colloquial way to think about it.

*Transcript Hearing dated December 16, 2015,* at pages 4-8. (A copy of the Transcript is attached as Exhibit "F").  (Emphasis added)

30.    The findings on the transcript record are consistent with the decision of Judge McVerry when he stated as follows:

> The slate will be wiped clean, and the parties will be left in the same position they were in before the Hearing Officer's Decision was issued, thereby alleviating the School District's concerns (whether well founded or not) about the possible preclusive effects of that decision.   Decision at P. 13-14 (footnote omitted). (Ex. "C").

In footnote 7 of the Opinion dated October 16, 2015 Judge, McVerry in Action No. 2:14-CV-1728 stated:

> It is enough to say that vacating the Hearing Officer's Decision will avert even the *possibility,* however small that the Hearing Officer's conclusions on certain issues will prevent the School District from re-litigating those issues in any future proceedings, including that **which is currently pending at the administrative level**. *Id.* at P. 13 n. 7 (emphasis added).  (Ex. "C").

16

31.     Essentially, the Court put the parties back into the "same position they were in before the Hearing Officer's [Carroll's] Decision was issued," therefore, the matters were re-litigated in the matter before Hearing Officer McElligott.

32.     Based on the foregoing, Hearing Officer Carroll's decision was declared a nullity and this matter had to proceed to a new due process hearing, which includes all claims related to the violation of the IDEA, including, but not limited to, the substantive violations during the Manifestation Determination Review Hearing and other violations under the IDEA resulting in the denial of FAPE[5] based on the Student's Expulsion from school and substantive violations of the IDEA before and during the Manifestation Determination review.

33.     These matters were squarely before Hearing Officer McElligott. The complicated Special Education Due Process Hearing before Hearing Officer McElligott lasted over 8 days with over 18 witnesses.  This is in direct contrast to the earlier limited to decision of Hearing Officer Carroll. As a result of the Due Process Hearing of Hearing Officer McElligott, this matter in now before this Court.

---

[5]A child under the IDEA is entitled to a "free appropriate public education" (FAPE).  The IDEA protects both the procedural level and substantive requirements of the IDEA in determining whether a child is denied FAPE.  ***School Board of City of Norfolk v. Brown***, 769 F.Supp.2d. 928, 945 (E.D. Va. 2010).

17

**Mootness of the Within Appeal**

34.    As noted above, Hearing Officer McElligott fully addressed all the issues related to the educational matters and denial of FAPE.  (See Paragraph 32, *Supra*).

35.    There is no further matter to be adjudicated in this case, because Hearing Officer McElligott after the District Court's dismissal for failure of the Student to exhaust administrative remedies at Case No. 2:14-cv-1666 (Exhibit "G"), determined that Hearing Officer Carroll's decision was vacated, therefore no other issues arise in this Appeal. *Constand v. Crosby*, 833 F3d 405, (3rd Cir. 2016) (Appeal is moot where the Court cannot provide the prevailing party with any relief).

36.    The relief sought was adjudicated by Hearing Officer McElligott, so it is no longer necessary to provide further relief to the prevailing party.

37.    The Student is requesting that this Honorable Court dismiss the appeal without prejudice to bring the issues of viability of Hearing Officer Carroll's decision should the District Court Judge rule adversely on the jurisdictional issue currently pending at Case No. 16-cv-1052.

WHEREFORE, the Student, pursuant to Fed.R.App.P. 27(2)(a), respectfully requests the following particular relief:

        (1)    The Appeal be dismissed as moot but without prejudice based upon decision of Hearing Officer

18

McElligott addressing all educational issues under the IDEA including FAPE.

(2)    The dismissal is without prejudice to raise the affirmation of Hearing Officer Anne Carroll's decision if the District Court in Case No. 16-cv-1052 takes any adverse action with respect to the jurisdiction of Hearing Officer McElligott to hear and decide the educational matters.

Respectfully submitted:

JONES,    GREGG,    CREEHAN    & GERACE, LLP

BY: /s/John P. Corcoran, Jr., Esquire
    JOHN P. CORCORAN, JR., ESQUIRE
    PA ID. NO. 74906
    411 SEVENTH AVENUE, SUITE 1200
    PITTSBURGH, PA 15219
    412-261-6400
    jpc@jgcg.com

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing

**MOTION FOR DETERMINATION OF MOOTNESS OF APPEAL** has been

furnished via First-Class, U.S. Mail, Postage Pre-paid and Electronic Mail

this 23rd day of January, 2017, to counsel for the Appellant, addressed as

follows:


THOMAS E. BRETH, ESQUIRE
DILLON MCCANDLESS, KING, COULTER & GRAHAM, LLP
128 WEST CUNNINGHAM STREET
BUTLER, PA 16001


JONES, GREGG, CREEHAN & GERACE, LLP


BY: /s/John P. Corcoran, Jr., Esquire
JOHN P. CORCORAN, JR., ESQUIRE
ATTORNEY FOR APPELLEES
Pa. Id. No. 74906
411 SEVENTH AVENUE
SUITE 1200
PITTSBURGH, PA 15219-1905
(412) 261-6400